# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael M. Cardenas,<br><br>                    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>                    Respondents. | CV 10-0043-TUC-FRZ (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Rafael M. Cardenas' Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, Cardenas was convicted of one count of second-degree burglary and one count of theft by control of property worth $4,000 or more. *Answer*, Ex. B, p. 2; *Petition*, Ex. B.  After finding Cardenas had two historical prior felony convictions and had committed the offense while on release from confinement, the trial court sentence him to two concurrent, enhanced, presumptive prison terms of 11.25 years, to be served concurrently. *Answer*, Ex. B, p.2; Ex. A, p. 1.

The Arizona Court of Appeals summarized the factual background as follows:

> On the afternoon of November 3, 2006, L.H. was at home with her two-year-old daughter when she heard a noise in the backyard.  She went to the kitchen to investigate and saw a man trying to open the locked kitchen patio door. She then watched as he walked past the kitchen window and heard him try the handle of another locked door.  She noticed the man was wearing blue gloves, which she later identified as the gardening gloves she had left on a table outside When L.H. heard him break a bedroom window, she fled with her daughter and called 911 from her cordless telephone.
>
>   A few minutes later, as two officers from the Tucson Police Department arrived at the residence, one of them saw Cardenas running away from the house, still wearing the blue gloves.  The officer gave chase and repeatedly shouted at him to stop.  Cardenas eventually stopped and was taken into custody.  The officer handcuffed him and, while searching him for weapons, noticed a piece of jewelry hanging from one of his pockets.  The officer removed the jewelry and other contents of Cardenas's pockets and placed the items on the trunk of his patrol car, and L.H. identified the jewelry as hers.  The items were later photographed by a police technician.  After being read his *Miranda* [FN1: *Miranda v. Arizona*, 384 U.S. 436 (1966)] rights, Cardenas admitted breaking into the house and stealing the jewelry.

1 *Answer*, Ex. B, pp. 2-3.  Cardenas' direct appeal was denied by Memorandum
2 Decision filed on March 10, 2008.  *Id.*, Ex. A.

3     Cardenas filed a Petition for Post-Conviction Review Pursuant to Rule 32,
4 Ariz.R.Crim.P., which he filed in the trial court on November 13, 2008, *Answer*, Ex.
5 D, and raised the claims relevant to the instant habeas petition in supplemental pro se
6 petition that followed ("Supplemental PCR"), *id.*, Ex. A, p. 2.  In the Supplemental
7 PCR, Cardenas alleged that the trial court had erred in enhancing his sentence under
8 former A.R.S. § 13-604(M)[1] based on two historical prior felony convictions.
9 Cardenas also asserted that his trial counsel was ineffective for failing to raise the
10 alleged error in the trial court.  *Answer*, Ex. A, p. 2.  The trial court denied relief and,
11 in a Memorandum Decision filed on July 23, 2009, the Court of Appeals denied
12 relief.  *Id.*, p. 2-3.

13     In the petition now before the Court, Cardenas raises claims identical to those
14 denied by the Court of Appeals in his PCR proceedings.  Specifically, he alleges that
15 the trial court committed fundamental error in violation of his federal due process
16 rights by counting two same occasion prior convictions as two convictions for
17 sentence enhancement purposes under former A.R.S. § 13-604(M), and that he was
18 denied effective assistance of counsel in violation of the Fifth and Fourteenth

---

[1] As noted by Respondents, the provisions of Arizona's criminal code were revised and renumbered effective January 1, 2009, *see* 2008 Ariz. Sess. Laws, Ch. 301, §§ 1-120, and the provision relevant to Cardenas' claim is now codified at A.R.S. § 13-703(L).  *See also Answer*, Ex. A, p. 2 n. 1 (Arizona Court of Appeals noting same).

Amendments because his counsel failed to object to the trial court's sentencing error. *Petition*, pp. 2-6.

## II. LEGAL DISCUSSION

### A. Standard

Under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 120 S.Ct. 1495 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000). In determining whether a state court decision is contrary to federal law, the court must examine the last reasoned decision of a state court and the basis of the state court's judgment. *Packer v. Hill*, 277 F.3d 1092, 1101 (9th Cir. 2002). A state court's decision can be an unreasonable application of federal law either (1) if it correctly identifies the governing legal principle but applies it to a new set of facts in a way that is objectively unreasonable, or (2) if it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002).

**B.     Claim 1: Due Process Violation at Sentencing**

Former A.R.S. § 13-604 governed the counting of prior convictions for purposes of repeat offender enhancements. Paragraph M of the statute provided that "Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section." A.R.S. § 13-604(M). At sentencing, the trial court found Cardenas' offenses repetitive under A.R.S. § 13-604 and found that Cardenas was previously convicted in CR-37208 and CR-38022, Pima County Superior Court. *Petition*, Ex. B, pp. 2-3. Cardenas contends that the trial court violated his due process rights because the cited convictions were committed on the same occasion and therefore should have been counted as only one conviction under A.R.S. § 13-604(M).

The Respondents' first contention is that this claim is based solely on a violation of state law and therefore cannot support a claim for habeas relief. As discussed above, relief under section 2254 does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The application of A.R.S. § 13-604(M) is a question of state law error for which habeas relief is unavailable. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The mere assertion that the alleged state law error violated Cardenas federal due process rights does not transform his claim into one of a constitutional violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1996).

In the sentencing context, Cardenas is required to demonstrate that the sentencing court's error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Richmond v. Lewis*, 506

5

U.S. 40, 50 (1992). Cardenas has not argued that the sentencing court's purported error was arbitrary or capricious and could not satisfy that requirement in any case. As the Court of Appeals explained in its decision affirming the trial court's denial of Cardenas's PCR petition:

> The trial court denied relief, explaining that, although Cardenas's prior convictions had been consolidated for sentencing and thus resolved on the same occasion, § 13-604(M) applied only to offenses committed on the same occasion. The court then found Cardenas had failed to establish the two prior offenses had been committed on the same occasion, noting they had taken place approximately thirteen days apart and did not involve "continuous and uninterrupted" conduct or the same or related victims.

*Answer*, Ex. A, p. 2. The state courts' factual determinations supporting this conclusion are presumed to be correct. 28 U.S.C. § 2254(e)(1). It is Cardenas' burden to rebut this presumption with clear and convincing evidence that the factual determinations are incorrect. *Id*. His effort to do so is clear but utterly unconvincing.

Cardenas agrees that the crimes represented in state court cases CR-37208 and CR-38022 were committed thirteen days apart, but he contends that they were both committed in a continuing effort to support his drug habit, thus occurring on the "same occasion." *Reply*, p. 2-3. This argument fails under Arizona law. In *State v. Noble*, 152 Ariz. 284, 731 P.2d 1228 (1987), the Arizona Supreme Court adopted a five-factor test for determining whether two offenses were committed "on the same occasion." The test is satisfied where (1) the criminal conduct was "continuous and uninterrupted;" (2) the criminal conduct was "directed to the accomplishment of a single criminal objective rather than multiple criminal objectives;" (3) "only one

6

person was victimized;" and (4) "the time period involved was very brief." *Id*. at 286, 731 P.2d at 1230. In this case, Cardenas has explained that the criminal conduct involved in the two prior cases was directed at feeding his drug habit, but he has neither alleged nor established that the criminal conduct was continuous and uninterrupted or that only one person was victimized. Additionally, he would be hard-pressed to convince a court that the crimes, which undisputedly occurred thirteen days apart, involved a brief period of time. Thus, the claim is also meritless under Arizona law.

Based on the foregoing, Cardenas's claim that the trial court violated his due process rights by misapplying A.R.S. § 13-604(M) must be denied. As presented by Cardenas, the claim is based entirely on state law grounds, he has shown no due process violation and, in fact, has shown no violation of the law whatsoever.

### C. Claim 2: Ineffective Assistance of Counsel

In Claim 2, Cardenas alleges that his counsel was ineffective during sentencing because he failed to argue that his two prior felony convictions satisfied the "same occasion" requirement for purposes of sentence enhancement under A.R.S. § 13-604(M). Petition, pp. 5-6. As succinctly explained by the Arizona Court of Appeals in affirming the trial court's denial of this claim:

> Having found Cardenas's claim or sentencing error without merit, the court further concluded Cardenas's counsel had not been deficient in failing to allege sentencing error below and, in any event, Cardenas had not been prejudiced by counsel's omissions. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to prevail on ineffective assistance of counsel claim, defendant must establish both deficient

performance and prejudice); *State v. Nash*, 143 Ariz. 392, 397-98, 694 P.2d 222, 227-28 (1985) (same).

*Answer*, Ex. A, pp. 2-3.  There is no need to add to the Court of Appeals' analysis. As he was unable to do in state court, Cardenas is unable to establish either deficient performance or prejudice under Strickland and his claim of ineffective assistance of counsel must be denied.

### III.     RECOMMENDATION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  If any objections are filed, this action should be designated case number: **CV 10-0043-TUC-FRZ**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be

1 considered a waiver of a party's right to *de novo* consideration of the issues.  *See*

2 *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

Dated this 26th day of June, 2012.

Jacqueline Marshall
United States Magistrate Judge